UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSHUA ADAM SCHULTE,

                Plaintiff,

-against-

ATTORNEY GENERAL OF THE UNITED STATES, ET AL.,

                Defendants.

19-CV-3346 (CM)

ORDER DIRECTING PRISONER AUTHORIZATION

---

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently detained at the Metropolitan Correctional Center, brings this action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed *in forma pauperis* (IFP) application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915.

    The Prison Litigation Reform Act requires prisoners bringing a civil action to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1). If the Court grants a prisoner's IFP application, the Court collects the filing fee in installments deducted from the prisoner's account. A prisoner seeking to proceed in this Court without prepaying the fee must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

---

[1] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915

Plaintiff submitted the complaint with an IFP application but without a prisoner authorization form. Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit the attached prisoner authorization form. If Plaintiff submits the prisoner authorization form, it should be labeled with docket number 19-CV-3346 (CM).[2]

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. No summons shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice to Plaintiff's refiling it.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 16, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions *in forma pauperis* as a prisoner, unless he is under imminent danger of serious physical injury, and must prepay the filing fee at the time of filing any new action.